**No. 48187.**—Protests 968418–G, etc., of Austin, Nichols & Co. (Inc.) et al. (New York).

Opinion by Ekwall, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, APRIL 10, 1943

**No. 48188.**—Protests 794864–G, etc., of Fish Schurman Corp. et al. (New York).

Opinion by Oliver, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 48189.**—Protest 89686–K of H. L. Ettman, Jr. (St. Louis).

Opinion by Walker, J. It appeared that although the protest was filed on September 13, 1926, it was not forwarded to this court until August 1, 1942, and some comment was made by counsel for the importer to the effect that because of the lapse of time samples which otherwise might have been available could not be had and that it also appeared at least one person handling the importation, the customs examiner, had since disappeared. It was the opinion of the court, however, that there was a duty devolving upon the plaintiff as well as the collector to have the protest called to the attention of the proper authorities in due course, and it cannot be said therefore that it was entirely the fault of the collector. The plaintiff testified that the items invoiced as "grain calf" were imported as samples for the St. Louis shoe trade and were sold as small sample lots to the shoe manufacturers and ultimately made up into women's shoes; that some of the shoe houses placed further orders which apparently were never filled for the reason that the style changed, and the plaintiff decided not to go into that line. This evidence stands uncontradicted. Therefore the plaintiff contends that a clear *prima facie* case in favor of the claim for free entry is made. The court is unable to agree with this contention, stating that the provision in paragraph 1431, excluding from classification thereunder "shoe leather," has been held to refer to leather the *chief* use of which was for the making of shoes (*United States* v. *Downing*, 16 Ct. Cust. Appls. 556, T. D. 43294) and that while the plaintiff has established that the leather in question was actually used in the making of shoes it has not been shown that it consisted of leather *chiefly used* for such purpose, and, in fact, there is a strong inference to the contrary. On the record presented the protest was overruled.